DAVID LOPEZ, ESQ.  DL-6779
Attorney for Plaintiff
171 Edge of Woods Road
P.O. Box 323
Southampton, New York 11969-0323
Tel:      631.287.5520
Fax:      631.283.4735
e-Mail:   DavidLopezEsq@aol.com



UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| DEBORAH DONOGHUE, <br><br>Plaintiff, <br><br>- against - <br><br>DEL TORO SILVER CORP. <br>(Formerly Known As CANDEV <br>RESOURCE EXPLORATION, INC.), <br><br>Nominal Defendant, <br><br>MARK MCLEARY, <br><br>Defendant. | CV-09 4069 <br>BIANCO, J. <br>WALL, M.J. <br><br>COMPLAINT FOR RECOVERY OF <br>SHORT-SWING PROFITS <br>UNDER 15 U.S.C. 78p(b) <br><br>Jury Trial Demanded |

**DEBORAH DONOGHUE**, by David Lopez, Esq., her attorney, complaining of the defendants, respectfully alleges the following upon information and belief except as to paragraph 2 which plaintiff alleges on personal knowledge:

**JURISDICTION:**

1.   This action arises under the provisions of Section 16(b) of the Securities Exchange Act of 1934, as amended (the "Act"), 15 U.S.C. Section 78p(b),

1

and jurisdiction is conferred upon this court by Section 27 of the Act, 15 U.S.C. Section 78aa.

**THE PARTIES:**

2. Plaintiff is a security owner of DEL TORO SILVER CORP. (formerly known as CANDEV RESOURCE EXPLORATION, INC.) ("DEL TORO"), a Nevada corporation with principal offices at 400-409 Granville Street, Vancouver, British Columbia, Canada V6C 1T2.

3. At all times relevant the common stock of DEL TORO was registered under Section 12(g) of the Act and was and is traded on NASDAQ through market-makers located within this district.

4. This action is brought in the right and for the benefit of DEL TORO which is named as a nominal party defendant solely in order to have all necessary parties before the court.

5. At all times relevant MARK MCLEARY ("MCLEARY") was a beneficial owner of more than 10% of the common stock of DEL TORO and an officer and director.

6. MCLEARY has an office or may be found at 400-409 Granville Street, Vancouver, British Columbia, Canada V6C 1T2.

## STATUTORY REQUISITES:

7.  The violations of Section 16(b) of the Act to be described herein involve non-exempt securities in non-exempt transactions engaged in by non-exempt persons within the meaning of the Act.

8.  Demand for prosecution was made on DEL TORO on July 18, 2009. No recovery has been reported. Further delay in the filing of suit would be a futile gesture, the sixty day statutory waiting period having expired.

9.  Some or all of the transactions to be described herein were effected in whole or in part within the Eastern District of New York through market-makers located herein.

10. MCLEARY is a non-resident alien as to whom venue is correct in any judicial district of the United States.

11. This action is brought within two years of the occurrence of the violations to be described herein or within two years of the time when reports required by 15 U.S.C. 78p(a) setting forth the substance of the transactions here complained of were first filed with the Securities & Exchange Commission.

## FIRST CLAIM FOR RELIEF:

12. MCLEARY purchased, *inter alia*, 10,000 shares of the common stock of DEL TORO on July 7, 2009, at a price of $0.10 per share, 100,000 shares on

June 23, 2009, at a price of $0.25 per share and 500,000 shares on March 6, 2009, at a price of $0.10 per share.

13. MCLEARY sold 35,000 shares of DEL TORO on October 22, 2008, at a price of $0.30 per share, and 100,000 shares between July 2 and July 7, 2009, at a price of $0.27 per share.

14. The foregoing purchases and sales may be matched against one another using the "lowest-in, highest out" method to yield profits recoverable from MCLEARY. The exact amount of such profits is not known to plaintiff but is estimated to approximate $24,000.

15. Such profits are recoverable on behalf of DEL TORO by Plaintiff as a shareholder of DEL TORO, the latter having failed or refused to act in its own right and for its own benefit.

**SECOND CLAIM FOR RELIEF:**

16. This Second Claim For Relief is a precaution against possible errors of detail attributable to inaccuracies in the public record, the failure of MCLEARY to file reports as required by Section 16(a) of the Act or against the discovery of additional trades during the course of this action.

17. MCLEARY, acting during periods not barred by the statute of limitations measured from the date of the filing of this complaint, purchased and sold or sold and purchased equity securities or equity security equivalents of DEL TORO

within periods of less than six months of each other while a more-than-10% beneficial owner of DEL TORO.

18.  By reason of such purchases and sales or sales and purchases of its equity securities or equity security equivalents within periods of less than six months of one another while an insider of DEL TORO, MCLEARY realized profits, the exact amounts thereof being unknown to Plaintiff, which profits inure to the benefit, and are recoverable by plaintiff on behalf, of DEL TORO.

**WHEREFORE**, Plaintff demands judgment:

a)  Requiring MCLEARY to account for and to pay over to DEL TORO the short-swing profits realized and retained by him in violation of Section 16(b) of the Act, together with appropriate interest and the costs of this suit;

b)  Awarding to Plaintiff her costs and disbursements including reasonable attorney's, accountants and expert witness fees; and

c)  Granting to Plaintiff such other and further relief as the court may deem just and proper.

Dated:  Southampton, New York
        September 21, 2009

Yours, etc.

_____
David Lopez, Esq.